UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WILLIAMS,<br><br>    Petitioner,<br><br>    v.<br><br>DANIEL PARAMO,<br><br>    Respondent. | No. 2:16-cv-2928 JAM KJN P<br><br><br>FINDINGS & RECOMMENDATIONS |

I. Introduction

    Petitioner, proceeding pro se, is a state prisoner who challenges a 2014 prison disciplinary. Respondent moves to dismiss this action on two grounds: failure to state a federal habeas claim and untimeliness. Petitioner filed an opposition, and respondent filed a reply. As set forth below, the undersigned recommends that the motion to dismiss be granted, and that the petition be dismissed without prejudice.

II. Background

    1. Petitioner is serving an indeterminate prison term of eight years to life. (ECF No. 13-1 at 3; see also ECF No. 1 at 24 (petitioner's "Release/Board Date 'LIFE.'")

    2. On August 5, 2014, petitioner was found guilty of conspiracy to introduce a controlled substance into an institution for purposes of distribution. (ECF Nos. 1 at 18; 13-1 at 50.) Contrary to petitioner's allegations in the petition (ECF No. 1 at 2, 5 (suffered credit loss of either

1

90 or 180 days)), petitioner was not assessed a loss of credits. (ECF No. 1 at 18 "no credit loss will be assessed with this guilty finding.")[1]

3. On August 13, 2014, petitioner filed an administrative appeal, which was denied at the final level of review on December 19, 2014. (ECF Nos. 1 at 32-33; 13-1 at 60-61.)

4. On January 4, 2016,[2] petitioner filed a habeas petition in the San Diego County Superior Court challenging the rules violation report. (ECF No. 13-1 at 1.) On February 8, 2016, the superior court denied the petition in a reasoned decision. (ECF No. 13-2.) The superior court summarily denied the petition as untimely, and on the grounds that petitioner "fails to make a prima facie showing that the guilty finding on the rules violation resulted in the loss of credits." (ECF No. 13-2 at 3.)

5. On April 18, 2016,[3] petitioner filed a petition challenging the rules violation report in the Court of Appeal for the First Appellate District. (ECF No. 13-3.) The state appellate court denied the petition on April 21, 2016, without comment. (Id.)

6. On April 28, 2016, under the mailbox rule, petitioner filed a habeas petition challenging the rules violation report in the California Supreme Court. (ECF No. 13-6.) The California Supreme Court summarily denied the petition on August 8, 2016. (ECF No. 13-5.)

7. On December 15, 2016, petitioner filed the instant federal petition.[4] (ECF No. 1 at 1.)

---

[1] The hearing officer did not assess a credit loss because the officer believed he could not do so under California Code of Regulations title 15, § 3290, which precludes credit forfeiture for possession of a controlled substance without a laboratory test of the substance in question. But as the reviewer of petitioner's third level administrative appeal explained, petitioner was charged with conspiracy to introduce a controlled substance under § 3323, not possession under § 3290, which "does not apply." (ECF No. 13-1 at 62.)

[2] Under the mailbox rule, a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001); Houston v. Lack, 487 U.S. 266, 276 (1988). The date plaintiff signed the petition is considered his filing date absent evidence to the contrary. See Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003) (date petition is signed may be considered earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule).

[3] Neither party provided a copy of the petition; no mailbox rule applied.

[4] The original petition was unsigned; the new page 6 is dated March 24, 2017. (ECF No. 1 at 7.)

III. Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Thus, the court reviews respondent's motion pursuant to its authority under Rule 4.

    A. Alleged Violations of State Law

As argued by respondent, petitioner raises multiple claims alleging violations of state law, including the California Penal Code and California Code of Regulations. (ECF No. 1 at 2, 5.)

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Wilson v. Corcoran, 562 U.S. 1 (2010). "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (internal quotations and citation omitted); Swarthout v. Cooke, 562 U.S. 216, 219-20 (2011).

Therefore, petitioner's claims based on alleged violations of state law fail to state cognizable claims for federal habeas relief.

    B. Failure to State a Cognizable Federal Habeas Claim

A state prisoner's claims either lie at "the core of habeas corpus" and are subject to the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), or they "challenge[] any other aspect of prison life" and are subject to the provisions of the Prison Litigation Reform Act ("PLRA") and "must be brought, if at all, under [42 U.S.C.] § 1983." Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (*en banc*), cert. denied, 137 S. Ct. 645 (2017) (citations omitted).

Here, petitioner argues that his parole consideration will "inevitably" be impacted by the challenged prison disciplinary. (ECF No. 14 at 5.) However, such argument is unavailing because petitioner is similarly situated to the prisoner in Nettles. Both petitioner and Nettles are

serving an indeterminate term of life imprisonment with the possibility of parole, and both claimed their federal constitutional rights were violated by the prison disciplinary because they lost custody credits and the prison disciplinary potentially affected future parole proceedings. Nettles, 830 F.3d at 925. However, the Ninth Circuit found that Nettles' claim did not lie within the core of habeas corpus because custody credits earned by inmates serving an indeterminate term "go toward advancing only their minimum eligible release date, not their actual release from prison," and that success "would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." Id. at 934-35 ("A rules violation is merely one of the factors shedding light on whether a prisoner" is suitable for parole); see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("if successful, Ramirez will not necessarily shorten the length of his confinement because there has been no showing by the State that the expungement [of the prison disciplinary] Ramirez seeks is likely to accelerate his eligibility for parole."); see also In re Jenkins, 50 Cal. 4th 1167, 1179-80, 116 Cal. Rptr. 3d 790 (2010) (noting that a prisoner serving an indeterminate life sentence has his or her minimum parole eligibility date advanced though custody credits, but their actual release from prison is wholly dependent on the parole decision). Thus, petitioner's argument is unavailing because parole decisions are discretionary and based on multiple factors, not just prison disciplinary violations. Because there is no showing that success on the merits would "necessarily" have an effect on the duration of his confinement, petitioner's claims do not lie at "the core of habeas corpus" and "must be brought, if at all, under § 1983." Nettles, 830 F.3d at 927.

Therefore, petitioner fails to state a cognizable federal habeas claim, respondent's motion to dismiss should be granted, and this action should be dismissed without prejudice to petitioner bringing such claims, if he wishes, in a civil rights complaint pursuant to 42 U.S.C. § 1983.

### C. Conversion to Civil Rights Complaint

"[A] district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner." See Nettles, 830 F.3d at 936. "If the complaint is amenable to conversion on its face, meaning it names the correct

4

defendants and seeks the correct relief, the court may re-characterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Id.

Here, there are no allegations against the named respondent (the Warden of R.J. Donovan Correctional Center where petitioner is currently housed), and it is unclear who petitioner seeks to hold personally responsible for the alleged denial of his federal rights. See, e.g., Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."), citing Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Thus, the instant pleading is not amenable to conversion to a civil rights complaint.

Moreover, provisions of the PLRA would subject petitioner to filing fee requirements, *sua sponte* review of his complaint by the court, and limits on the number of actions a prisoner may be permitted to file in forma pauperis; thus, a prisoner should not be obligated to proceed with a civil rights action unless the prisoner clearly wishes to do so. See 28 U.S.C. §§ 1915 & 1915A; 42 U.S.C. § 1997e. Indeed, petitioner may be exposed to the PLRA provision that provides that the entire $350.00 civil filing fee must be collected even if he qualifies to proceed in forma pauperis, and regardless of whether his action is ultimately dismissed. Bruce v. Samuels, 136 S. Ct. 627, 630 (2016). The exhaustion requirements for filing a prisoner civil rights complaint also differ from those required in a federal habeas action.

Because the instant petition is not amenable to conversion, and due to the differences and disadvantages that re-characterization may have on petitioner's claims, this court will not recommend that his petition be re-characterized as a civil rights complaint. However, petitioner is free to file a new complaint pursuant to 42 U.S.C. § 1983 if he wishes to do so.

D. Statute of Limitations

In light of the above, the undersigned need not address respondent's argument that petitioner's habeas claims are barred under the AEDPA statute of limitations.[5]

---

[5] The undersigned makes no determination regarding the statute of limitations for potential claims under 42 U.S.C. § 1983, but provides the following standards. "Section 1983 actions are

5

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 19) be granted; and

2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 2, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/will2928.mtd.hc.sol

---

governed by the state statute of limitations for personal injury actions." Azer v. Connell, 306 F.3d 930, 935 (9th Cir. 2002). The effective statute of limitations for most California prisoners is four years (the two year limitations period plus two years statutory tolling due to incarceration). Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2002). Petitioner is also entitled to tolling during the time he exhausted administrative remedies. See Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) (finding that "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process" required by 42 U.S.C. § 1997e(a)).